IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EBAY INC.                                                                                         PLAINTIFF

VS.                                              CASE NO. 08-CV-4015

IDT CORP., IDT TELECOM, INC.,
UNION TELECARD ALLIANCE, LLC,
and NET2PHONE, INC.                                                                  DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss Plaintiff eBay's Counterclaim of Inequitable Conduct and Motion to Strike eBay's Twelfth Affirmative Defense filed on behalf of Defendant Net2Phone, Inc. (Doc. No. 62). Plaintiff eBay has responded to the motion. (Doc. No. 81). Net2Phone has filed a reply to eBay's response. (Doc. No. 84). The matter is ripe for consideration.

In this case, Plaintiff eBay claims that Defendants IDT Corp., IDT Telecom, Inc., Union Telecard Alliance, LLC and Net2Phone, Inc. (herein after referred to as "Defendants") have infringed on its '350 patent entitled "Long Distance Telephone Communications System and Method." Defendants have asserted counterclaims against eBay for patent infringement regarding three of its patents – its '490 patent entitled "Method and Apparatus for Establishing Communications from Browser Applications" and its '399 and '414 patents entitled "System and Method for Automated Received Message Handling and Distribution." In response to Defendants' counterclaims, eBay has asserted various affirmative defenses and counterclaims. Among its defenses and counterclaims, eBay has asserted an affirmative defense and

counterclaim of inequitable conduct based upon the allegation that the applicant for the '399 patent did not disclose certain information to the United States Patent Office ("PTO") during the prosecution of that patent. eBay is seeking a declaration that the '399 patent is unenforceable because of this inequitable conduct. The matter is presently before the Court on Defendant Net2Phone's Motion to Dismiss eBay's Counterclaim of Inequitable Conduct pursuant to Fed. R. Civ. P. 12(b)(6) and its Motion to Strike eBay's Twelfth Affirmative Defense[1] pursuant to Fed. R. Civ. P. 12(f).

A motion to dismiss under Rule 12(b)(6) should be granted when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal should be granted only when the factual allegations contained in the complaint fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In evaluating the complaint, only its legal sufficiency may be considered, not the weight of the evidence supporting it. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Furthermore, the court must accept as true all factual allegations, even if doubtful. *Bell Atlantic,* 550 U.S. at 555.

A court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are viewed with disfavor and should only be granted if the defense is legally insufficient as a matter

---

[1] eBay's twelfth affirmative defense is based upon its allegation of inequitable conduct.

of law.  *See Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1997).

In the counterclaim and affirmative defense at issue, eBay alleges that in July 1997, Applicant Open Port Technology, Inc.[2] filed Application No. 08/886,988 ('988 application) with the PTO.  The '988 application contained claims directed to an automatic message distribution system.  In November 1998, the PTO rejected claim 1 contained in the application as anticipated by U.S. Patent No. 5,168,515 to Gechter et al. ("Gechter").  In response, Applicant canceled claim 1 in February 1999.  In October 1999, the '988 application matured into the '414 patent.

In August 1999, prior to the issuance of the '414 patent, Applicant filed a continuation of the '988 application, Application No. 09/366,712 ('712 application).  The '712 application contained claim 1 that was originally filed in the '988 application and rejected.  Applicant then engaged in inequitable conduct when it failed to cite to Gechter or any of the other prior art references cited in the prosecution of the '988 application or inform the PTO of the examiner's rejection of claim 1.  eBay claims that this inequitable conduct renders the resulting continuation patent[3] unenforceable.

A patent applicant must prosecute its patent application "with candor, good faith and honesty."  *Mollins PLC v. Textron, Inc.,* 48 F.3d 1172, 1178 (Fed.Cir. 1995).  This duty may be breached by affirmatively misrepresenting a material fact, failing to disclose material information, or submitting false material information.  *Id.*   Further, if an applicant breaches its duty of candor with the intent to deceive or mislead the PTO, such conduct is inequitable and

---

[2] The '414 and '399 patents were acquired by Defendant Net2Phone, Inc. from Open Port Technology, Inc., the original assignee of the patents.

[3] The '712 application matured into the '399 patent at issue in this case.

renders the patent unenforceable.  *Id.*  Such inequitable conduct must be shown by clear and convincing evidence.  *Monsanto Co. Bayer Bioscience N.V.,* 514 F.3d 1229, 1233-34 (Fed.Cir. 2008).

In its pending motion, Defendant Net2Phone claims that eBay's affirmative defense and counterclaim of inequitable conduct are not viable.  It argues that the applicant had no duty to resubmit or disclose any information during the prosecution of the '399 patent that was considered in the '414 patent because the '399 patent is a continuation of the '414 patent.  In support of this argument, Net2Phone relies on the Federal Circuit's opinion in *ADT Corp. v. Lydall, Inc.,* 159 F.3d 534 (Fed.Cir. 1998)*,* which held that "it can not be inequitable conduct for an applicant not to resubmit, in the divisional application, the information that was cited or submitted in the parent application." *Id.* at 547.  In response to Net2Phone's argument, eBay cites the court to *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.,* 487 F.3d 897 (Fed.Cir. 2007) and *Dayco Prod., Inc. v. Total Containment, Inc.,* 329 F.3d 1358 (Fed.Cir. 2003), which hold that an applicant's failure to disclose a prior rejection of a similar claim in a related application can support a finding of inequitable conduct.

The Court finds that the Federal Circuits's holding in *ADT*  is controlling in this case.  The '399 patent's application is a continuing application of the '414 (parent) patent.  It is not an application related by subject matter as in the *McKesson* and *Dayco* cases.

When examining a continuation application, the patent examiner will consider the information that was considered by the PTO in the parent application. M.P.E.P. § 609 (Eighth Ed., August 2001).  This information is not limited to prior art references, but encompasses all information before the PTO in the prosecution of the parent application.  *Sprint Communications*

*Co. L.P., v. Nuvox Communications, Inc.,* 2009 WL 86565, at *3 (D.Kan. Jan. 12, 2009). Thus, any prior art references and/or rejections that are part of the file history of the parent application are considered when examining the continuation application. The applicant is under no duty to resubmit such information in the continuing application. M.P.E.P. § 609. Therefore, it is not inequitable conduct for an applicant not to resubmit information that is already before the PTO in the parent application. *See ADT,* 159 F.3d at 547. Accordingly, eBay's counterclaim of inequitable conduct must fail as a matter of law and its twelfth affirmative defense is legally insufficient as a matter of law.

Based upon the foregoing, the Court finds that Defendant Net2Phone's Motion to Dismiss Plaintiff eBay's Counterclaim of Inequitable Conduct and Motion to Strike eBay's Twelfth Affirmative Defense should be and hereby is **granted**. eBay's counterclaim of inequitable conduct is hereby dismissed and its twelfth affirmative defense is hereby stricken.

IT IS SO ORDERED, this 24th day of August, 2009.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge